JUDGE ROBERTSON
delivered the opinion of the court:
The appellee, Bryan R. Young, of Elizabethtown, Hardin county, Kentucky, owning two young slaves, Orville and Alfred, who had only about one fourth of negro blood in them, brought this action against the appellant for wrongfully carrying, or permitting them to be carried without his authority, from his possession to parts unknown, whereby" Orville had escaped to Illinois, whence he was not reclaimable, and Alfred’s services had been lost to him. 9
The pleadings formed a single issue on the question of negligence in the appellant’s agents managing their cars, and the jury selected to try that issue having found a *402 verdict for $1,150 in damages for both slaves, the circuit court overruled a motion for a new trial, and gave the appellee judgment against the appellant for the damages so assessed.
The appellant being responsible for the conduct of its agents in its service, and the law defining that responsibility for the unauthorized transportation of slaves not being punitory, but merely restorative or remunerative, the appellee is entitled to a judgment against the appellant for whatever of value he actually lost by either the wanton or negligent transportation of his slaves. And, although the facts proved on the trial conduce strongly to negative the imputation of either wantonness or negligence, yet this court would not feel authoi’ized to set aside the verdict on the sole ground of want of evidence .to sustain it. Nor can we say that there was any material error in admitting or rejecting testimony or in giving or refusing instructions.
But we are of the opinion that there was fatal error in the order striking from the amended answer the allegation that Alfred had returned to Elizabethtown, where he had been for months, and still was, working for himself with the appellee’s knowledge.
The appellant, according to that allegation and the proof upon it, cannot be liable for the value of Alfred, as it might have been for its constructive conversion of him in the event of his final escape from the presence and rightful dominion or potential control of his owner.
After his voluntary return, Alfred was, in every legal sense, as much and as availably the property of the appellee as he ever was or could have been had he never gone on the cars, or had the appellant captured and delivered him into his master’s hands, which, after the return, it was under legal obligation to do, because *403 that return restored him to the place whence he fled and to the same condition of a slave, and as subject as ever to his owner’s custody and control.
The necessary consequence of this conclusion is, that the appellee had no right to recover, on account of Alfred’s temporary escape, more than the value of his services while he was gone from home. It is evident, from the testimony, that the damages, as assessed and adjudged, include Alfred’s value, instead of reasonable compensation for the transient loss of his services.
Therefore, as the verdict is joint, and this court cannot judicially know how much was assessed for the loss of Orville, the entire judgment must be reversed, and the cause remanded, for a new trial consistent with the foregoing opinion.